### EX-PARTE SIM BELL.

1. The act of 1832 adopting the common law of England in relation to crimes and misdemeanors, except so far as the same related to the modes and degrees of punishment, does not adopt but abrogates the common law distinction of grand and petit larceny, because such distinction depended upon the degrees of punishment to be inflicted, the degrees being controlled by the value of property stolen.

2. By the same act all thefts were denominated larcenies, and no degrees of the crime were recognized.

3. Under the eighth section of the Declaration of Rights in our Constitution cases of "*petit* larceny " or small larceny may be tried under regulations made by the Legislature without presentment or indictment by a grand jury, and the Legislature may determine what value of property stolen shall constitute the offence so triable.

4. The Constitution, in using the term " petit larceny," does not establish the value of property stolen at " twelve pence," as controlling the degree of the offence according to the common law.

This is a writ of *habeas corpus.* The facts are as follows:

On the 30th day of June, A. D. 1881, Eliza Fazwell made an affidavit in the usual form before I. N. Shepard,. a Justice of the Peace in and for Gadsden county, in which she charged Sim Bell, the petitioner, with stealing her ox of the value of fifteen dollars. The said Justice thereupon issued a warrant in the usual form for the arrest of the prisoner, who was on the following day arrested under it and brought before said Justice.

Afterwards, on the 5th day of July, A. D. 1881, a jury was empanelled by said Justice to try the defendant for the crime of larceny as charged in said affidavit, and he was put upon his trial for said crime without any previous presentment or indictment of him by a grand jury for said crime and was found guilty by the verdict of said jury ; whereupon the said Justice sentenced him to pay a fine of twenty-five dollars and the costs of the prosecution, and to be imprisoned in the common jail of said county for the period of thirty days, and issued a warrant to the sheriff of said county commanding him to carry out said sentence, and the sheriff now detains the prisoner in custody under and by virtue of the last-mentioned warrant.

The petitioner prays to be released, claiming that he is unlawfully held, as he was neither presented nor indicted by a *grand jury.*

The other facts of the case are stated in the opinion.

*John W. Malone* for the Petitioner.

The prisoner questions the jurisdiction of the Justice of the Peace to try him for larceny, when the value of the property stolen amounted to fifteen dollars, except on presentment or indictment by a grand jury.

Larceny of any kind is an infamous crime. Bishop Crim. Law, 7 Ed., Secs. 972 and 974; King vs. State, 17 Fla., 183.

No person, therefore, can be tried for any larceny except petit larceny, unless on presentment and indictment by a grand jury. Declaration of Rights Constitution, Sec. 8.

Petit larceny under the " Common Law," as the theft of goods not exceeding in value twelve pence. Bishop Crim. Law, 7 Ed., Secs. 679, 680 and 757 ; State vs. Humphries, 1 Overton, (Tenn.) 243, bottom page.

And the " Common Law " in relation to crimes is in full force in this State, except as to the modes and degrees of punishment. Thomp. Dig., 489 ; Ammons vs. State, 9 Fla., 531.

The crime, therefore, of which the prisoner stands convicted is infamous, but is not petit larceny, and he ought not to have been tried except upon indictment by the grand jury.

The paragraphs, " under the regulation of the Legislature " in the 8th section of the Declaration of Rights, means simply that the Legislature may regulate the manner of the trial of petit larceny, &c. It certainly does not confer upon the Legislature the power to declare what petit larceny is ; and even if it had conferred such powers the Legislature has never exercised it.

*The Attorney-General* for the State.

There is nothing in the Constitution which prohibits the Legislature from declaring what shall or shall not be con-

sidered "petit larceny." The terms "under the regula-
tion of the Legislature" in Section 8, Bill of Rights, cover
as well the authority to define petit larceny as to prescribe
the mode of its trial. Such is the natural meaning of the
language. Exline vs. Smith, 5 Cal., 112.

The rule that statutes should never be held unconstitu-
tional unless they are plainly or clearly so, and that all
doubts should be solved in favor of the validity of the stat-
ute, is too familiar to require citation.

The substantial distinction between grand and petit lar-
ceny was *always* in the *punishment.* 1 Bishop Cr. Law,
679–80; 1 Abbott's L. D., 8. There never were two distinct
offences, but divisions of the same offence with no distinction
save the punishment. Both were felonies, both infamous,
both followed by forfeiture, and of the same inherent nature.
The dividing line as to punishment was marked by the
amount of the thing stolen. In adopting the common law
(T. D., p. 489, Sec. 1) we adopted no penalties. The statute of
1832 (Sec. 2, p. 491, T. D.) prescribing the punishment for lar-
ceny did away with the distinction as to punishment be-
tween grand and petit, and, in this, abolished the only dis-
tinction between them. There was no such distinction
when the Convention of 1868 framed the articles of the
Bill of Rights in question. Section 2 of Article 15 of the
Constitution expressly recognized all acts not conflicting
with the Constitution as valid. In King vs. State, 17 Fla.,
183, this court held that the "infamous crimes" meant or
referred to in the said section of the Bill of Rights were those
established by the act of 1845, T. D., 335. Since the Conven-
tion of 1868 the Legislature has sub-divided larceny into three
classes so far as punishment is concerned, but not otherwise—
marking the divisions by the value of the thing stolen, but
not changing the uniform nature of the offence. It has, it
is true, not stated expressly which should be called petit

40

larceny, but that in which the value of the thing stolen is not over $20 is the petit larceny of our system. So I understand this court to hold in State *ex rel.* vs. Buckman, 18 Fla., 267. This class is a misdemeanor; the other classes are felonies. See McC.'s Dig., Sec. 1, p. 338, and Sec. 17, p. 360. The first Legislature under the present Constitution, that of 1868, sub-divided the offence as stated. A modification was made afterwards. Many who were members of the Constitutional Convention of 1868 were members of the Legislature of 1868, and their views are shown by this Legislature's action to have been that there was either no such thing as petit lareny in Florida, and that the Legislature had power to regulate the matter, or that if there was such a thing it still had the power.

Infamy is made the general test for requiring a presentment and indictment, but an exception is made of one infamous crime. Petit larceny being as infamous as grand, (more so said an old English authority,) no encroachment is made upon the *test* by increasing the value limit of petty larceny, which was not contemplated by the exception.

THE CHIEF-JUSTICE delivered the opinion of the court:

At the common law simple larceny was divided into two degrees known as grand and petit larceny, the former being committed when the goods stolen were of the value of more than twelve pence, and the latter when the value of the goods did not exceed twelve pence.

In 1832 the common law of England in relation to crimes and misdemeanors was adopted in this State, except so far as the same related to the modes and degrees of punishment. Th. Dig., 489, §1. By the same act it was provided that any person convicted of larceny should be punished by fine, whipping or the pillory, in the discretion of the jury. Th. Dig., 491, §2.

Thus all distinctions of grand and petit larceny were abolished by either section, and the offence was only known as larceny whatever the amount or value. And thus the law stood until the adoption of the Constitution of 1868.

The eighth section of the Bill of Rights in this Constitution declares that " no person shall be tried for a capital or otherwise infamous crime, except in cases of impeachment, * * * and in cases of petit larceny, under the regulation of the Legislature, unless on presentment or indictment by a grand jury."

The distinction of grand and petit larceny having been swept away before the Constitution was adopted, there is nothing in the pre-existing statute by which the term *petit* larceny was used in the Constitution can be construed. Its definition must be therefore sought in the common rules of language aided by the common law. By the common law, it is said, the leading distinction between grand and petit larceny was in the punishment, and the degree of punishment depended upon the value stolen. 1 Bish. Crim. Law, §679.

It is urged here that the common law rule making the value of twelve pence the test of the character of the crime is revived by the constitutional provision referred to, and that the Legislature is powerless to change it. In this country we know no such value as " twelve pence," unless we are dealing in or with reference to the money of a foreign country. We think the framers of the Constitution, in using the words " petit larceny," did not intend to introduce any such standard of value as pounds, shillings and pence. The value of property stolen was, by the law of England, made the test in fixing the punishment. The value of the property stolen is also made the test in the American States where the distinction between grand and petit larceny has been preserved, and this value is not uni-

form in the several States. In New York it is fixed by law at twenty-five dollars. In South Carolina it is twenty dollars. In North Carolina all thefts are petit larcenies; and in many States these grades of larceny are not recognized. Wherever they are recognized the Legislature has named the value of property stolen to determine the penalty of the crime.

The act of 1832 adopting the common law of England in respect to crime specially excepted the modes and degrees of punishment, and, as already observed, this exception abrogated all degrees of larceny as they existed in England, because the degree depended upon the penalty, and the penalty depended upon the value of the stolen property.

The eighth section of the Declaration of Rights refers to petit larceny as a grade of crime which may be tried without the presentment of a grand jury, "under the regulation of the Legislature."

We cannot doubt that this provision recognizes the power of the Legislature to provide for the punishment of inferior grades of larceny as *petit* or small larcenies, fixing the value of property stolen as the standard by which the penalty shall be gauged; and that the Legislature may "regulate," *i. e.*, provide, for the trial of such petty crime before a judicial tribunal without presentment or indictment by a grand jury.

The stealing of property not exceeding twenty dollars in value is a misdemeanor, punishable by fine not exceeding one hundred dollars or imprisonment in the county jail not more than sixty days, or both such fine and imprisonment. McC.'s Dig., 388, Act of Feb. 1, 1869, Ch. 1693.

It is provided by Chapter 3272, Section 1, March 4, 1881, (McC.'s Dig., 662,) that Justices of the Peace shall have jurisdiction to try all cases of larceny, not charged as a

second offence, when the value of the property stolen shall not exceed twenty dollars. This court, in The State vs. Buckman, 18 Fla., 267, denominated such offence a "petit larceny."

The value of the property stolen in this case was fifteen dollars. The Justice had jurisdiction of the subject-matter and of the person, and had under the statute power to try the accused and to render the judgment, of which complaint is made by the petitioner.

The writ is dismissed and the petitioner remanded.