ALEXANDER MARTIN v. INSURANCE COMPANY OF
NORTH AMERICA.

A policy declared that it should be void " if the subject of insurance was a building on ground not owned by the insurer in fee-simple."   In his declaration the insured set up that the agent of the insurer fraudulently inserted this clause, and knew at the time that plaintiff did not own the ground on which the building stood.  *Held*, that an unambiguous written contract, when sued on in a *court of law*, is unalterable. *Held*, also, that a declaration on a written contract is bad if it set up matter which, if true, has the legal effect of destroying the contract sued on.

Demurrer to declaration.   Case certified.

Argued at February Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the demurrant, *Erwin & Keller.*

For the plaintiff, *Alexander Simpson.*

The opinion of the court was delivered by

GARRISON, J.  An issue of law is raised by this demurrer to the plaintiff's declaration upon a policy of insurance. The property insured consisted of a two-story frame building and certain chattels contained in it.  The plaintiff, who was the insured, owned the building but not the land on which it stood.  The pleader has set out in his *narr.* the language of the policy in these words: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, if the subject of insurance be a building on ground not owned by the insured in fee-simple."

This stipulation is fatal to the plaintiff's action, unless its plain force and meaning be destroyed.  This the pleader attempted to do by showing not the endorsement upon or addition to the policy of some provision otherwise, or even by the allegation that some different agreement was made or attempted to be made between the insurer and insured, but by the allegation that the insured did not know that the policy contained this provision, and that the agent of the insurer knew that plaintiff did not own the land on which his building stood and "surreptitiously inserted" in the policy the above clause for the purpose of cheating him.

A court of law deals with the written contracts of parties as the conclusive evidence of their agreements.  If the language employed be free from ambiguity the writing will be enforced in accordance with its terms.  If, by reason of fraud or mutual mistake, the real agreement of the parties be unexpressed, the instrument may be reformed upon proper proofs in a court of equity.  But as an expression of the intention of the parties, an unambiguous written agreement, when sued on in a court of law, is unalterable by oral testimony.  Nor is it perceived that the plaintiff's position is in anywise bettered by the allegation that the policy was a fraud, for, if this be true, the plaintiff is declaring upon an unreformed contract which he says is not and never was the agreement of either party.

We have looked to see whether the suit might not go on

as to the chattels contained in the building. The words of the written contract are "This entire policy, &c., shall be void if the subject of insurance is a building," &c. This language is plain and must control.

The Circuit Court is advised that judgment should be for the defendant on its demurrer.