T. E. FULLER, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed November 9, 1926.

1. This Court is very reluctant to interfere with the verdict of a jury on the facts, but in a conviction for murder in the second degree, where the evidence as to the identity of the accused as being the guilty party is not satisfactory, a new trial will be granted.

Writ of Error to the Circuit Court of Dade County; Will H. Price, Judge.

Reversed.

*Effie Knowles,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Plaintiff in Error, hereinafter called the defendant, was convicted of murder in the second degree. On writ of error, the principal contention is the sufficiency of the evidence to establish the identity of the defendant as the perpetrator of the homicide.

The evidence in this case is lengthy and in many essentials unique. The possibility of the occurrence of another case on substantially the same facts as are here involved is too remote to justify a review of the evidence.

In considering this case, we are mindful of the oft repeated rule that in a criminal prosecution, a verdict of guilty will not ordinarily be disturbed upon the ground of the insufficiency of the evidence, where there is some evidence from which all the elements of the crime may have been legally found or inferred, and it does not appear that the jury was not governed by the evidence adduced at the trial. Exceptions to this rule, however, have been previously recognized by this Court in criminal cases where the evidence as to the identity of the accused as being the guilty party was not satisfactory, and also where the verdict was not in accord with the manifest justice of the case. See: Platt v. State, 65 Fla. 253; 61 South. Rep. 502; Nims v. State, 70 South. Rep. 565; Davis v. State, 76 Fla. 179; 79 South. Rep. 450; Ming v. State, 89 Fla. 280; 103 South. Rep. 618. This Court has also said that: ''The verdict of a jury will not be set aside on evidence of facts complicated and contradictory and which require an investigation into the character and credit of the witness whose testimony it is necessary to compare and weigh; nor will the verdict be set aside as against the weight of the evidence unless it preponderates so strongly against the verdict that the court cannot conclude such verdict was the result of a due con-

sideration of the evidence; but a verdict that is clearly against the evidence should be set aside." .Armstrong v. State, 30 Fla. 170; 11 South. Rep. 618. See also: Greene v. State, 17 Fla. 669.

This Court is very reluctant to interfere with the verdict of a jury on the facts. After a most careful consideration, however, of the evidence disclosed by this record, the Court is of the opinion that while there is some evidence to identify the defendant as the guilty party, the evidence upon the essential issue of identity, taken as a whole, and considered in the light of the countervailing testimony on that question, is such that it is considered just and right that another jury should pass upon the issues made.

The judgment is therefore reversed and a new trial granted.

BROWN, C. J., AND WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.

ELLIS, J., dissenting.—I have discovered no error in the record; therefore I think the judgment should be affirmed.