MINNIE WILLIAMS, *Appellant,* v. STATE OF FLORIDA, *Appellee.*

Division A.

Opinion filed October 4, 1930.

*J. W. Howell* and *Edwards & Harris,* for Appellant;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Appellee.

TERRELL, C. J.—Plaintiff in error was indicted, tried and convicted of murder in the first degree without recommenda-

tion to mercy and sentenced to die by electrocution. Writ of error was taken to the judgment.

Error is assigned here on the refusal of the trial court to charge the jury on the law of insanity and on the further fact that insufficient time was given the defendant to prepare for her trial.

The defendant was tried on the following pleas to the indictment.: (1) Not guilty. (2) Not guilty by reason of insanity. On the question of insanity one witness named Ed. Walker who was not an expert was summoned to testify for the defendant. The record discloses that at the time set for the trial this witness was unable on account of illness to attend. The trial court satisfied himself of this fact and admitted in evidence a statement of what Ed. Walker would swear to if he were present. This statement after reviewing defendant's condition concludes with the announcement ''that he has regarded her (defendant) of unsound mind for many years.'' There was no other testimony on the question of insanity.

The issue of insanity at the time of the commission of the offense must be tried by a jury if the defendant so elects; however, it may be tried with the issue of guilt or innocence as the defendant is not of right entitled to a separate trial on the former issue.. In the absence of a request for a jury trial on the issue of insanity at the time of the commission of the offense said issue may be tried and adjudicated by the trial court. Southworth v. State, 98 Fla. 1184, 125 So. R. 345.

After submitting the evidence as here referred to on the issue of insanity the trial court did not adjudicate the question of the defendant's sanity and refused to charge the jury on this issue. There was no error committed in denying the continuance on the ground of the absence of a witness but the action of the court in allowing the affi-

davit to be read as evidence, that the witness if present would swear as asserted therein implied that the continuance was refused because it was his purpose to allow the affidavit to be read and in so doing give the defendant the benefit of the testimony. This was error because to avoid a continuance on the ground of the absence of a material witness the truth of what it is alleged that the witness will swear to must be admitted. Newton v. State, 21 Fla. 53. These facts warranted a charge on the issue of insanity.

The evidence in this case is conflicting, requiring the consideration of the character, integrity, and probity of witnesses whose testimony it is necessary to compare and weigh. A well considered brief on the part of the State frankly admits that under the facts as presented a verdict of manslaughter would have been more in keeping with the facts as presented. We hold that the ends of justice require that the cause be reversed and a new trial awarded. Fuller v. State, 92 Fla. 873, 110 So. R. 528; Troop v. State, 98 Fla. 385, 123 So. R. 811.

Reversed.

ELLIS and BROWN, J. J., concur.

WHITFIELD, P. J., and STRUM and BUFORD, J. J., concur in the opinion and judgment.