JOSEPH COUNCIL v. STATE.

149 So. 13.

Division B.

Opinion Filed June 22, 1933.

*T. M. Hearn,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The plaintiff in error was convicted under the second count in an indictment charging him with the offense of assault with intent to murder.

The record discloses very little, if any, evidence at all to sustain the verdict.

In Fuller v. State, 92 Fla. 873, 110 Sou. 528, we said:

"In considering this case, we are mindful of the oft repeated rule that in criminal prosecution, a verdict of guilty will not ordinarily be disturbed upon the ground of the insufficiency of the evidence, where there is some evidence from which all the elements of the crime may have been legally found or inferred, and it does not appear that the jury was not governed by the evidence adduced at the trial. Exceptions to this rule, however, have been previously recognized by this Court in criminal cases where the evidence as to the identity of the accused as being the guilty party was not satisfactory, and also where the verdict was not in accord with the manifest justice of the case. See: Platt v. State, 65 Fla. 253, 61 South. Rep. 502; Nims v.

State, 70 South. Rep. 565; Davis v. State,, 76 Fla. 179, 79 South. Rep. 450; Ming v. State, 89 Fla. 280, 103 South. Rep. 618."

This enunciation has been followed in Troop, *et al.*, v. State, 98 Fla. 385, 123 Sou. 811, and Williams v. State, 100 Fla. 814, 130 Sou. 456.

Because the evidence is not of a convincing character but on the contrary, bears the earmarks' of falsehood and uncertainty, the judgment should be reversed and it is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, and TERRELL, J. J., concur.

BROWN, J., concurs in judgment of reversal.