RAY HAAG v. STATE.

149 So. 566.
Division A.
Opinion Filed Sept. 7, 1933.

*Wells & Hall* and *C. A. Savage, Jr.,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

Ray Haag, the plaintiff in error, was adjudged guilty of the crime of wife desertion and sentenced to one year's imprisonment therefor. On writ of error reversal of the judgment is sought, principally upon the ground that a sufficient legal predicate to sustain the conviction is not to be found in the record, notwithstanding the jury's verdict of guilty and the approval by the trial judge of that verdict be denial of a motion for a new trial.

We think the judgment should be reversed on the authority of Council v. State, 11 Fla. 173, 149 Sou. Rep. 13, wherein this Court held that where the evidence in a case of conivction for felony is not of a convincing character, but on the contrary bears earmarks of falsehood and uncertainty, the judgment should be reversed and a new trial awarded. See also: Fuller v. State, 92 Fla. 873, 110 Sou. Rep. 528, Troop v. State, 98 Fla. 385, 123 Sou. Rep. 811, and Williams v. State, 100 Fla. 814, 130 Sou. Rep. 456.

To constitute the statutory offense of abandonment of a wife, there must be an act of abandonment, coupled with neglect or refusal to maintain and provide for the wife, without just cause therefor. Where the evidence in the

case as a whole, as in this case, is in law sufficient to raise a reasonable doubt as to the existence at all of any marriage relation between the defendant and the alleged wife named in the indictment, a verdict of guilty of the offense of wife abandonment under the statute (Section 7654 C. G. L., 5496 R. G. S.) should be set aside, and a new trial awarded.

Reversed.

WHITFIELD, BROWN and BUFORD, J. J., concur.