STATE, *ex rel.* ROBERT R. WILLIAMS v. D. C. COLEMAN, as Sheriff, of Dade County.

180 So. 360.
En Banc.
Opinion Filed April 4, 1938.

*Hendricks & Hendricks* and *Davis & Davis,* for Petitioner.

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondent;

*Casey, Walton & Spain,* as *amici curiae.*

878

PER CURIAM.—In habeas corpus proceedings the strongest intendments are indulged against the petitioner.

The indictment charges that the accused "did * * * unlawfully and corruptly demand and exact" etc.

The word "exact" as used in the statute is not synonymous with the word "demand." See Callaway v. State, 112 Fla. 599, 152 Sou. 429, where Mr. Justice ELLIS said:

"The gravamen of the felony consists in either exacting or accepting a reward or compensation other than that which is provided by law for the performance or non-performance or violation of a law or, rule which is incumbent upon the officer to obey when he has no reasonable ground for believing that the reward or compensation exacted or accepted is authorized by law.

"Both offenses are defined in the Compiled General Laws of Florida under the article entitled 'Bribery.' The statutes define in each case the common law offense of bribery but the offense is confined to the officer who accepts or exacts the reward and does not include the person offering or paying the reward for the performance of the duty or the omission of it. The sections denouncing the offense as a felony,

however, introduce the element of extortion, which differentiates it from the offense of bribery and makes it more odious. The offense consists in the oppressive misuse of the exceptional power with which the law invests the incumbent of an office, is the language of Mr. Justice Reed in Kirby v. State, 57 N. J. L. 320, 31 Atl. Rep. 213."

Afterwards on rehearing this opinion was adopted.

For the purpose of this disposition we may disregard the word "demand" as used in the indictment.

As we construe the language of the statute, Sec. 5351 R. G. S., 7486 C. G. L., under which the indictment in this case is drawn, it applies only in cases where reward, compensation or other remuneration other than those provided by law is received by the official charged with the violation thereof, or is made a condition precedent to the performance or non-performance of a legal duty, and a violation of the statute may either occur by the officer making the payment of unlawful compensation to him a condition precedent to his performance or non-performance of a legal duty, or by the officer *demanding and* receiving the unlawful compensation or by the officer *accepting* unlawful compensation voluntarily offered him in consideration for which he agrees to perform or exeecute, or not to perform or execute any law, rule or regulation that may be the legal duty of such officer or public appointee to respect, execute or to have executed. The act sought to be influenced by the bribe must be one which is incumbent upon the officer or public appointee to perform, respect or execute or to have executed.

An adjudication on this point, however, is not essential to the disposition of the question before us at this time because the indictment uses the word "exact" which is the same word used in the statute, and we are not now concerned with the question of what may be sufficient to prove

this allegation of the indictment. We do not mean to say whether or not the allegations of the indictment are sufficient to withstand motion to quash. As to this we express no opinion, although, aside from the allegations above mentioned, the allegations that any certain legal duty rests upon the accused appear, at best, vague and uncertain.

So the motion to quash the writ is granted and the petitioner is demanded.

So the motion to quash the writ is granted and the petitioner is remanded.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—The main question presented in this case is whether or not the indictment wholly fails to charge a criminal offense under the laws of this State. In the case of State, *ex rel.* Paggett, v. Windham, 120 Fla. 206, 162 So. 501, this Court, speaking through the late Mr. Justice DAVIS, said:

"Habeas corpus is not a remedy for relief against imprisonment under a warrant or other process that charges a criminal offense defectively or inartificially, even where the criminal charge, as stated, is wholly insufficient as against a demurrer or motion to quash interposed at the trial. Lewis v. Nelson, 62 Fla. 71, Sou. Rep. 435; *Ex Parte* Prince, 27 Fla. 196, 9 Sou. Rep. 659, 26 Am. St. Rep. 67; *In re:* Robinson, 73 Fla. 1068, 75 Sou. Rep. 604, L. R. A. 1918-B 1148; Griswold v. State, 77 Fla. 505, 82 Sou. Rep. 44; Spooner v. Curtis, 85 Fla. 408, 96 Sou. Rep. 836; Lehman v. Sawyer, 106 Fla. 396, 143 So. 310." * * *

"It cannot be said that such information *wholly* fails to charge a crime against the laws of Florida under Section 7667 C. G. L. 5509 R. G. S. assuming (but not deciding)

that such information is defective or insufficient as against a demurrer or motion to quash filed at the trial.

"Appellate courts are properly reluctant to strike down on habeas corpus proceedings defectively or inartificially pleaded criminal charges that, if properly and timely attacked in the trial court, would be therein subject to correction by way of the filing of a new and amended information or indictment. The exceptional cases wherein this court has failed to strictly observe or enforce the above stated rule have been test cases wherein important points of law were presented to this Court for decision on habeas corpus proceedings by mutual consent of the parties, or at least without objection by the State's counsel to the form of proceedings adopted.

"Here the Attorney General has specifically raised the objection, and such objection having been properly submitted for our decision, we are impelled to sustain it on the authorities hereinbefore set forth."

In this case, as in the Windham case, the Attorney General has specifically raised the same objection.

There is no contention here that the statute under which the charge is made is invalid; nor that the grand jury which returned the indictment was illegally constituted, or that the State Attorney who signed the indictment was not authorized and legally qualified to act in the premises. Therefore the only contention which can be lawfully interposed by the petitioner is that the indictment as drawn wholly fails to charge a criminal offense under the law in force in this state.

Upon a writ of habeas corpus, the question of the guilt or innocence of the petitioner will not be considered by the court. "The object of the writ of habeas corpus is not to determine whether a person has committed a crime, or

the justice or injustice of his detention on the merits, but whether he is legally imprisoned or restrained of his liberty." White v. Penton, 92 Fla. 837, 110 So. 533; Lehman v. Sawyer, 106 Fla. 396, 143 So. 310; *Ex Parte* Emos, 93 Fla. 5, 112 So. 289.

In the case of French v. Turner, 137 So. 521, this court in an opinion by Mr. Chief Justice BUFORD, held that where it appears on the hearing of writ of habeas corpus that the indictment is valid on its face, the writ should be quashed although the petitioner may have a valid defense on account of the running of the statute of limitations, which defensive matter should properly be determined on the trial, and the judgment of the trial court thereon, if erroneous, could be corrected in due course by a writ of error to this Court.

In my opinion that this indictment does not wholly fail to charge an offense and that the objections here made could all be raised in due course in the trial court in Dade County by way of demurrer to, or motion to quash, the indictment. The jurisdiction to try this case and to pass upon the sufficiency of the indictment, is vested in a court of entirely competent jurisdiction, under the constitution, in Dade County. And even if it be admitted, for the sake of argument, that the indictment wholly fails to charge an offense, this question too could be settled by the Circuit Court of Dade County, which has concurrent jurisdiction with this court in the matter of the issuance of writs of habeas corpus and the determination of all questions which can possibly be raised in habeas corpus proceedings. See Section 11 of Article V of the Constitution.

Both in the case of French v. Turner, *supra*, and Lehman v. Sawyer, *supra*, it was held that where an information or indictment is not wholly invalid upon its face, habeas corpus proceedings are not proper, and matters

which might constitute a defense to the merits will not be considered. In the latter case it was said:

"It would disturb the orderly course of the administration of the criminal law if defendants were permitted to anticipate the legal trial of the case in the court vested with jurisdiction by asserting their defenses before the judge of some other court upon habeas corpus proceedings."

Likewise this court will not invade the jurisdiction of the Circuit Court or other lawfully constituted trial court to pass upon demurrers and motions to quash, questioning the sufficiency of indictments or information pending in such trial court, and will only grant discharge on habeas corpus where the indictment or information involved wholly fails to charge a criminal offense, and is therefore wholly insufficient to support the jurisdiction of the trial court to proceed with the case. And as the Circuit Courts are themselves vested with the power of issuing writs of habeas corpus, this court rarely issues such a writ unless it involves the testing of the constitutionality of some statute or ordinance which is affected with a general public interest.

So the only question which we are called upon to determine here is: Does this indictment wholly fail to charge an offense against the laws of this State? The indictment as presented by the grand jury of Dade County was evidently intended to be predicated upon Section 7486 and 7487 of the Compiled General Laws of 1927. Both the statute and the indictment are set forth in full in the "per curiam" statement which has already been written in this case. In the case of Johnson v. the State, 99 Fla. 711, 127 So. 317, this court in an opinion by Mr. Justice ELLIS, the present Chief Justice of this Court, held that:

"Where an indictment or information charges an offense substantially in the language of the statute it is not sub-

ject to an attack on habeas corpus, although there may be inaccuracies and imperfections rendering it vulnerable to attack by demurrer, by a motion to quash, or even a motion in arrest of judgment.' '

That was held in a case involving this same Section 7486.

I think this indictment complies with the rule thus stated, in that it follows substantially the language of the statute.

The general definition of bribery is that it is the offering, giving, receiving, or soliciting of anything of value with intent to influence the recipient's action as a public official. 8 Am. Juris. 886. In olden times the offense was limited to a person "in judicial place," that is to officers identified with the administration of public justice, but in later times the crime was extended to any person engaged in the administration of public affairs, and the receiving or offering of any undue reward to any such person to influence his behavior in office and incline him to act contrary to the known rules of honesty and integrity in the discharge of his legal duty.

The elements of the offense as fixed by the particular statute (Sec. 7486-7) are as follows:

1.  The person charged must be a State, County or municipal officer, or a public appointee, or any deputy of any such officer or appointee. (The indictment clearly charges this element of the offense as to this petitioner.)

2.  The person charged must have exacted or accepted a reward, compensation or remuneration other than those provided by law, for the performance, non-performance or violation of any law, rule or regulation that may be incumbent upon the said officer or appointee to administer, respect, perform, execute or to have executed, without reasonable ground "for believing that the reward, compensation or remuneration, exacted or accepted was authorized by law. (This last clause is added by Section 7487 C. G. L.)

While the allegations of the indictment charging this second element of the offense may be subject to some criticism, a mere reading of the indictment shows that this element of the offense is substantially charged .by the indictment and hence not subject to attack by writ of habeas corpus. Thus the indictment among other things charges that the petitioner, and three other persons named, "conspiring and confederating together, to demand, exact and accept from said Florida Power and Light Company, a reward, compensation and remuneration not authorized by law for the performance, non-performance and violation of their respective duties in the premises as officers and appointees of said City, as aforesaid, did on the 16th day of December, A. D. 1937, in the County of Dade and State of Florida, unlawfully and corruptly demand and exact of and from one Bryan Hanks, the President of the said Florida Power and Light Company, the sum of $250,000.00 as a gift, gratuity, remuneration and reward, to them, the said petitioner, and three other persons not authorized by law, for and in consideration of the bringing about and effecting of a compromise, adjustment and settlement of said disputes, disagreements and differences, between the said City of Miami and the said Florida Power and Light Company (which disputes and differences are referred to earlier in the indictment) on terms satisfactory to and as offered and suggested by the said Florida Power and Light Company, and without any reasonable grounds for believing that the said reward, compensation and remuneration so demanded and exacted was authorized by law.

It is not necessary for us to decide whether this pleading was vulnerable to attack by demurrer or motion to quash, or that under it the petitioner would be entitled to move the court to require the prosecuting officer to furnish him a bill of particulars, but certainly it cannot be success-

fully contended that these allegations wholly fail to charge these elements of the offense as delineated in the statute. As pointed out above, the indictment follows substantially the language of the statute.

Section 8368 C. G. L. provides that:

"Every indictment shall be deemed and adjudged good which charges the crime substantially in the language of the statute prohibiting the crime or prescribing the punishment, if any such there be, or if at common law, so plainly that the nature of the offense charged may be easily understood by the jury."

And Section 8369 of our Comp. Gen. Laws reads as follows:

"No indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense."

And, as pointed out above, the sufficiency of the indictment to charge of an offense will be construed more liberally and with less strictness in habeas corpus proceedings than on demurrer or motion to quash.

Counsel for petitioner criticizes the indictment because it uses the words in one place "demand, exact and accept" and in another place "demand and exact," whereas the statute uses the words "exact or accept" any reward, etc. One of the contentions in behalf of petitioner is that the indictment does not allege that the petitioner *accepted* a reward, compensation or other remuneration; but it will be

observed that the statute uses the language "exact or accept." These words are used in the alternative or disjunctive, not in the conjunctive. They do not mean the same thing; if they did, there would have been no purpose subserved in using both words in the statute. A person can "exact" a reward without actually receiving and accepting it. The statute attaches criminality to either or both of these elements. The indictment charges that the petitioner and others, conspiring together to "demand, exact and accept" a reward, did on a certain date "demand and exact" such reward. The indictment is attacked here on the ground that his last allegation leaves out the word "accept," and also on the ground that the word "demand" is not in the statute. If necessary to uphold the indictment on attack by habeas corpus the inclusion of the word "demand" might be disregarded as mere surplusage, but when used in a certain sense the word "demand" means practically the same thing as to "exact." In Webster's New International Dictionary, the verb "exact" is defined as follows: "(1) To demand or require authoritatively or peremptorily; to enforce the payment of, or a yielding of; to compel to yield or furnish; hence to wrest a fee or reward when none is due. 'Exact no more than that which is appointed you.' Luke III:13. (2) To call for; to require as becoming fit or desirable. (3) To subject to exaction or extortion. Obs."

The same Dictionary defines the word "demand" in part as follows: "To ask or call for with authority; to call for urgently, peremptorily or insistently." Thus the two words "exact" and "demand" have much in common and no injury was done the petitioner by embracing in the indictment the words "demand" and "exact," as they are not antithetical but are largely synonymous, in the meaning, and the indictment would have been sufficient in this particular if the word "exact" had alone been used. Of course,

the word "exact" cannot be disregarded, as that is used in the statute. Indeed, there is ambiguity in the meaning of the words "to exact or accept." If the Legislature had thought that these two words meant the same thing they would not have used the disjunctive "or" between the words, but would have used the word "and" instead. The court must give effect to every word and every part of a statute, if possible, and construction which would leave without effect any word or a part of the language used should be rejected if a reasonable interpretation can be found which would give it effect, so as to render the statute consistent and to give effect to the legislative intent as disclosed by the statute as a whole. State v. Amos, 76 Fla. 26, 79 So. 433.

Our position in this regard is confirmed by certain language used by Mr. Chief Justice ELLIS in the case of Calloway v. State, 112 Fla. 599, 152 So. 429. In the opinion in that case both Section 7485, relating to the receipt by a sheriff or deputy of any money or other valuable thing as a reward for omitting or delaying to arrest a defendant, etc., which is made a misdemeanor, and Sections 7486-7487, the latter being the statutes here involved, which makes the offense denounced a felony, were all considered, and in his usual vigorous and concise language in that case, the learned Chief Justice said:

"In the transaction denounced as a misdemeanor the sheriff or deputy is a complainant tool in the hands of the person offering the reward, a passive agent in the scheme of the bribe giver, but in the transaction denounced as a felony the officer appears as *one exacting a compensation,* or reward, over that which the law prescribes, from a person toward whom the officer is required by law or rule to take some official action; an extortion practiced by *demanding the sum required,* or by means of insidious sugges-

tions or veiled threats of the arbitrary exercise of official power, *induces another to offer a reward* for the non-performance or violation of a law. (Italics supplied.)

Furthermore, the above quoted paragraph shows that this statute is broad enough to recover the demanding or soliciting of a bribe, as well as the acceptance of one. We need not therefore go to the common law in order to get authority for holding that the solicitation of a bribe by an officer is as much a crime as the acceptance by an officer of a bribe which is offered. Certainly this statute, which makes it an offense to "exact" a bribe, as above construed in the Calloway case, is broad enough to cover the act of one who "by demanding the sum required, or by means of insidious suggestions or veiled threats of the arbitrary exercise of official power, induces another to offer a reward for the non-performance or violation of the law." Indeed, in their brief, counsel for one of the persons charged in the indictment says:

"Of course, the offense of soliciting a bribe simply means to ask or induce the offer of a bribe, whereas the offense of accepting a bribe means to accept something that has been voluntarily offered."

The authorities are not agreed as to whether the solicitation of a bribe was a crime at common law. Among the cases holding that the solicitation of a bribe was a substantive common law offense, are Walsh v. People. 65 Ill. 58, 16 Am. Rep. 569; People v. Hammond, 132 Mich. 422, 93 N. W. 1084, and State v. Sullivan, 110 Mo. App. 75, S. W. 105. See Annotations in 35 A. L. R. 961 and 52 A. L. R. 816. In holding that an officer's proposal to receive a bribe must be regarded as inciting the offer, and a solicitation, and that this constituted a common law misdemeanor, the court in Walsh v. People (1872) 65 Ill. 58, 16 Am. Rep. 569, said: "At common law bribery is a grave and serious

offense against public justice; and the attempt or offer to bribe is likewise criminal * * * Why is the mere unsuccessful attempt to bribe criminal? * * * It tends to corrupt, and, as the law abhors the least tendency to corruption, it punishes the act which is calculated to debase, and which may affect prejudicially the morals of the community * * * As we have seen, the mere offer to bribe, though it may be rejected, is an offense * * * The distinction between an offer to bribe and a proposal to receive one is exceedingly nice. The difference is wholly ideal. If one man attempts to bribe an officer and influence him, to his own degradation and to the detriment of the public, and fail in his purpose, is he more guilty than the officer who is willing to make sale of his integrity, debase himself, and who solicits to be purchased to induce a discharge of his duties? The prejudicial effects upon society are, at least, as great in the one case as in the other; the tendency to corruption is as potent; and when the officer makes the proposal, he is not only degraded, but the public service suffers thereby. * * * It is an offense more serious and corrupting in its tendencies than an ineffectual attempt to bribe.' " In the case of Walsh v. State, above quoted from, the case of Rex v. Vaughan, 4 Burr. 2494, an old English case is cited. In that case the attempt to bribe a Privy Counciler to procure an office was held to be an offense at common law. In that case Lord Mansfield said: Wherever it is a crime to take, it is a crime to give. They are reciprocal ,and in many cases, especially in bribery in elections to Parliament, the attempt is a crime."

In Wharton's Criminal Law, Vol. 1, page 288, it is said that: "Solicitations to commit crime are undoubtedly indictable."

And in 9 C. J. 408, it is said: "Except in states where only those acts are offenses which are declared to be such

by statute, solicitation of a bribe by a public official is an offense, although the person solicited refuses to co-operate. The crime is complete when the solicitation is made."

Section 7126 C. G. L. is derived from a statute of 1829, and provides: "The common law of England in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in this state where there is no existing provisions by statute on the subject." If it should be held that Sections 7486-7487 C. G. L. are not broad enough in their terms to embrace the solicitation of a bribe, then there is no existing provision by statute on the subject, and we would be relegated to the common law. I am inclined to the view of the weight of authority that the solicitation of a bribe by an officer was a crime at common law. The common law is in force in this state except in so far as it has been changed or modified by competent governmental authority. Bryan v. Landis, 106 Fla. 19, 142 So. 650; Warren v. Warren, 66 Fla. 138, 63 So. 726; Co-operative Baking Co. v. Shields, 71 Fla. 110, 70 So. 934; Ammons v. State, 9 Fla. 530; *Ex Parte* Bell, 19 Fla. 608.

Our view is that the language of 7486 C. G. L. is, for the reasons above pointed out, sufficiently broad to cover and make criminal the solicitation of a bribe. However, the settlement of this point, which has been argued at some length in the briefs, is, as I see it, not essential here, as the indictment uses the word "exact" which is the same word used in the statute.

For the reasons above pointed out we are clearly of the opinion that the indictment in this case does not wholly fail to charge a criminal offense under the laws of this state and that the petitioner should therefore be remanded to the custody from whence he came.

WHITFIELD, J., concurs.