TERRELL, Justice.
Petitioner was tried and convicted on information charging, in the first count, that petitioner “on the 14th day of March, A.D. 1952 * * * did unlawfully desert his two minor children, viz. Agnes Deal and Mary Deal”; second count, that petitioner “on the 14th day of March A.D. 1952 and from the said 14th day of March A.D. 1952 until the 28th day of July, A.D. 1953 * * * did then and there unlawfully withhold from his two minor children, viz. Agnes Deal and Mary Deal, the means of support.” A plea of guilty to the information was entered by petitioner, who was sentenced to serve one' year in the State prison on the first count and one year in the State prison on the second count, the two sentences to run consecutively.
Petitioner, by habeas corpus- in ■ this Court, challenges the validity of the second sentence to one year’s imprisonment in the State penitentiary.
It is contended that F.S. § 856.04, F.S.A., under which petitioner was convicted provides a maximum punishment or confinement of one-year in the State prison for deserting his child or children or who shall withhold from them or either of them' the means of support. In other words, the contention is that desertion and withholding the means of support, it matters not how long continued, constitute but one offense and only one prosecution will lie therefor. This view is supported by Brooke v. State, 99 Fla. 1275, 128 So. 814, 69 A.L.R. 1173; Haag v. State, 111 Fla. 781, 149 So. 566; Bueno v. State, 40 Fla. 160, 23 So. 862; Simmons v. State, 151 Fla. 778, 10 So.2d 436.
 We think these cases control the point, so it follows that the one year consecutive sentence under Count Two of the information was void and subject to collateral attack by habeas corpus on the ground (1) the court was devoid of jurisdiction to impose it, (2) it constituted double jeopardy which is condemned by law. Sullivan v. State ex rel. Cootner, Fla., 44 So.2d 96; 39 C.J.S., Habeas Corpus, § 23, pp. 474-475; Ex parte Snow, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658; Ex parte Crawford, 109 Cal.App. 33, 292 P. 520.
It is accordingly our view that petitioner is unlawfully detained and that he should be and is entitled to be discharged.
It is so ordered.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.