TERRELL, Acting Chief Justice.
Petitioner was tried and convicted on an information pursuant to F.S. § 856.04, F.S.A., charging in the first count that he did on the 1st day of September, 1953 unlawfully desert his eight minor children, to-wit: Sammie Stephens, Mary Lou Stephens, Wendell Stephens, Maxie Stephens, Lucretia Stephens, Robert Stephens, Zell Stephens and James David Stephens. Second Count charges that petitioner did from the 1st day of September 1953 to the 20th day of December 1953, in Hamilton County, Florida, unlawfully withhold the means of support from his said eight minor children. He was sentenced to serve one year in the State penitentiary on each count, the sentences to run consecutively.
By habeas corpus in this Court, petitioner challenges the validity of his sentence. He contends that one year is the limit that a sentence may be imposed on him under said statute, that he has already served one year, and that he is entitled to be discharged.
A similar question was before this Court and was adjudicated in Deal v. Mayo, 76 So.2d 275. It is admitted by respondent that the decision in the Deal case controls this case. We have examined the record and find this to be correct.
It is accordingly our view that petitioner is unlawfully detained and that he is entitled to be and is hereby discharged on authority of the last cited case.
It is so ordered.
MATHEWS, DREW and BUFORD, JJ., concur.