TERRELL, Justice.
Petitioner was tried and convicted on an information wherein the first count charged that he (petitioner) did unlawfully withhold support from his two minor children from August 15, 1952, to November 25, 1953. In the second count it was charged that petitioner did unlawfully desert his two minor children from August 15, 1953, to November 25, 1953. It accordingly appears from the record that the desertion took place one year after withholding support. He was sentenced to one year in the penitentiary on each count. He challenges the judgment so imposed by habeas corpus.
The facts are not clear but the rule is that petitioner must overcome the prima facie correctness of his imprisonment. Coleman v. State, ex rel. Race, 118 Fla. 201, 159 So. 504; State ex rel. Williams v. Coleman, 131 Fla. 872, 180 So. 360. Sufficiency of the evidence will not be tested by habeas corpus. White v. Penton, 92 Fla. 837, 110 So. 533. It appears that petitioner stands convicted of two different crimes separated by one year in time. This excludes him from the rule in Deal v. Mayo, Fla., 76 So. 2d 275, where the imposition of two one-year sentences arising from the same unlawful act was condemned.
It is accordingly our judgment that petitioner should be and he is hereby remanded to the custody of respondent
It is so ordered.
MATHEWS, C. J., and SEBRING and ROBERTS, JJ., concur.