ST. ANDREWS BAY LUMBER COMPANY, a Delaware Corporation, *Plaintiff in Error,* vs. JACK BERNARD, *Defendant in Error.*

135 So. 831.

Division A.

Opinion filed July 7, 1931.

Petition for rehearing granted and writ of error reinstated September 14, 1931.

*R. E. Hamrick,* Attorney for the Plaintiff in Error;

*Haskins, Gregory & Gordon,* Attorneys for the Defendant in Error.

BROWN, J.—The writ of error in this case should be dismissed for failure of plaintiff in error to comply with rule 20 of the rules governing practice in this court, as amended November fifth, 1930. Amended Rule 20 reads in part as follows:

"(b)  The first or main brief filed in behalf of plaintiff in error or appellant shall consist of three major divisions: *First, a statement of the questions involved; second* a concise *history* or *statement of the case,* that is a condensed summary of the pleadings and evidence on which he relies to support his contentions; and third, the argument; all as hereinafter provided.

"(c)  STATEMENT OF QUESTIONS INVOLVED. In order that this court may be able to obtain an immediate view of the nature of the controversy, the brief of plaintiff in error or appellant should begin with a concise statement, in the briefest and most general terms, of the prime or controlling question or questions involved, stated in form of a question for decision, each such question being so phrased that the point of law intended for solution may plainly appear; such question

to be followed immediately by an answer stating simply whether it was affirmed, negatived, qualified, or not answered, by the court below. If a qualified answer was given to the question in the court below, the nature of the qualification should be briefly stated; or if the question was not answered, and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court below. The statement of each question must be placed in a paragraph to itself. Each of such questions should be stated in brief and general terms, avoiding the use of names, dates, amounts or particulars of any kind whenever possible, it being preferred that each of such questions shall not exceed ten, or at most, fifteen lines and that the aggregate of such questions should not exceed a page and a half. Such minor questions as are necessarily suggested by or necessary to the determination of such main question or questions, may be particularized in the argument.

"(d)  HISTORY OF THE CASE. In all cases the appellant or plaintiff in error shall, in the second division of his brief, set forth as concisely as possible a statement of the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to this court for decision, which statement shall contain full references to the applicable pages of the transcript. It is intended that this division of the brief should contain, without argument, a closely condensed chronological statement in narrative form of the essential and pertinent history of the case, that is, a concise and condensed statement of the essential substance of all the pleadings, proceedings and facts which are necessary to be known in order to determine the points in controversy, and should also briefly state the verdict and judgment, order or decree appealed from.

"(e)  The defendant in error or appellee shall in his brief point out any error contained in the statement of the questions involved or in the history of the case above required to be made by the plaintiff in error or appellant, and add such further statement of the pleadings or the facts as he may deem necessary to a fair de-

termination of the case, with references to applicable pages of the transcript.

"(f) ARGUMENT. That portion of the brief containing the argument shall be divided into as many parts as there are questions to be argued; each part shall have a heading, in distinctive type or in type distinctively displayed, indicating the particular point treated of therein, followed by such discussion and citations of authority as are deemed pertinent thereto, and shall refer to the specific assignments of error alleged to raise the particular question discussed. Opinions of this court must be cited from the official reports when possible, as well as from the Southern Reporter. References in the argument to any disputed matter appearing in the record must indicate the page or pages of the transcript where the matter referred to appears."

This was a suit for damages for personal injuries arising from a collision between a logging train and a motor vehicle at a highway crossing. There was judgment for the plaintiff and defendant sued out writ of error.

Under the heading of "Statement of Questions Involved", plaintiff in error's brief reads as follows:

"First. Negligence—Burden of Proof.

"Statutory presumption of negligence applicable to railroads does not apply to those operating logging roads, and the burden of proving negligence is on him who alleges it.

Negligence must be substantially proven as alleged, or verdict for plaintiff will be reversed.

"Second. CONTRIBUTORY NEGLIGENCE—Burden of Proof.

Burden of proving contributory negligence is on the defendant, unless it is shown from case made by plaintiff.

"Third. DAMAGES—PERSONAL INJURIES—Proof of Loss.

Every item of damage must be specifically proven. Mere testimony of collision not sufficient.

"Fourth. INSTRUCTIONS GIVEN BY LOWER COURT.

The failure of the plaintiff's truck to stop under some circumstances would in itself constitute contribu-

tory negligence. Seeing signs indicating danger would put plaintiff on notice of impending peril.

"Fifth.   MOTION FOR NEW TRIAL.

Motion for New Trial should be granted when duly made if any of the grounds in said motion warrant a reversal of the decision.

"Sixth.   PRESUMPTION.

The presumption of law is against negligence and such presumption must be overcome by a preponderance of the evidence of the plaintiff."

The above quotation shows that the brief falls far short of giving a statement of the questions involved, in the form of questions for decision, each followed by an answer stating whether it was affirmed, negatived, qualified, or not answered by the court below, as required by the above rule. Such a statement as that above given is of no assistance to the court. It is in the main a statement of abstract legal propositions which are not disputed by defendant in error.

Nor does the second division of the brief, entitled "History of the Case," comply with the rule. It summarizes the pleadings, shows that verdict and judgment were rendered for $450.00, and that a motion for new trial was made and denied, but it utterly fails to set forth a statement of the material facts (with references to applicable pages of the transcript) necessary to be known in order for the court to determine the points in controversy, as required by the rule.

In the "argument" division of the brief, it is argued that the statutory presumption of negligence applicable to railroads does not apply to those operating a logging road, and that the burden of proving negligence as alleged was upon the plaintiff; citing J. Ray Arnold Lumber Co. v. Carter, 91 Fla. 548, 108 So. 815. But it is not pointed out nor does the record show wherein the court below gave any instructions to the jury in contradiction of this principle. The record shows that the evidence was in conflict on this question, but that there was evidence introduced by the plaintiff which

tended to show negligence in the operation of the logging train, as alleged in the declaration, and that such negligence was the proximate cause of the injury and damage complained of. The evidence was also in conflict as to whether the plaintiff was guilty of contributory negligence. But it cannot be said that the jury's verdict was without evidence to support it, or that the court erred in submitting the case to the jury.

It is argued that the court erred in giving instruction number nine requested by plaintiff to the effect that the failure of the truck to stop would not ''of itself constitute contributory negligence.'' No proper predicate for this contention was laid by plaintiff in error in the ''statement of questions involved'', but we cannot say that the giving of this charge was reversible error as applied to the evidence in this case. It might be observed in the connection that there was no evidence that the State Road Department had designated this crossing as a dangerous crossing hence there was no statutory requirement that plaintiff stop his truck before attempting to go over the crossing.

The alleged error of the court based on the giving of charge number ten, is not argued, excepting merely the statement it was ''misleading'' and should have been ''qualified to certain signs.'' No proper predicate for the argument of this assignment of error was laid in the ''statement of questions involved,'' or in the ''history of the case.'' Nor is the court referred to any authority whatever which supports the contention that this charge was erroneous as applied to the evidence in this case.

The brief also fails entirely, in its ''argument'' division, to comply with the requirement of the rule that this portion of the brief ''shall refer to the specific assignments of error alleged to raise the particular questions discussed,'' and also falls short in several other particulars to measure up to section ''f'' of rule 20. The assignments of error are nowhere mentioned in the entire brief.

That portion of our Amended Rule 20 relating to the statement of questions involved is very similar to Rule 50 of the Rules of the Supreme Court of Pennsylvania, which has been in use in that State for over thirty years. Chief Justice Moschzisker, who has been a member of that court for twenty years and its Chief Justice for the past ten years, has recently published an interesting and valuable book, entitled "Stare Decisis, Res Judicata, and Other Selected Essays," in which there is a chapter treating of this rule, a few excerpts from which treatise may be of some assistance to the members of the Florida bar. Omitting the copious citations of Pennsylvania decisions in support thereof, such excerpts read as follows:

"Law is a science, but its administration is an art; diligent pursuers of this art devise methods by which they achieve success, and when these successes present developments in practice which may be made of common use, they are as much the concern of others engaged in the same field of endeavor as are advances in the science itself. With these thoughts in mind, it seemed to the writer that, in view of the constant complaints of the law's delay, a plan which has materially aided one of our busiest appellate tribunals in bringing its work up to date may well be considered a subject of general interest. The Supreme Court of Pennsylvania has accomplished this desirable result very largely by confining oral arguments in each case to one-half hour a side; but, to make the short-argument plan effective, additional rules were required, and one of the chief of these provides that a concise statement of the controlling questions for decision, drawn according to strict regulations outlined in the rule, must be included in the brief of every appellant. These regulations have proved so useful in operation that a discussion of their origin, terms and advantages appears to be warranted. * * *

"The intention is that the statement of questions involved shall be framed in such a manner, that by reading it, the court, without being compelled to examine the argument of counsel or any other part of the brief or record, may quickly see the nature of the legal issue, and in a general way, what points it will be called on to

decide. As an aid to this end, the latest rule requires appellant to print the statement on the first page of his brief, and to put nothing else thereon."

"If an appellee thinks appellant's statement inaccurate, or that it does not present the points for decision in a proper light, he may submit a counter-statement as well as a counter-history of the case. Counsel for appellees avail themselves of this privilege in about fifty per cent of the appeals, though quite often appellant's statement is so satisfactory that the court, in writing its opinion, takes up the questions involved just as they are stated and follows that order throughout. This is the best proof of their value, for it shows that they have served as an aid both on oral argument and in reaching the final decision of the case."

"The rule is now firmly established to the satisfaction of all concerned, and there have been so many decisions explaining its meaning that the profession in Pennsylvania has come thoroughly to understand it."

"A too lengthly statement is invariably due to the insertion of unnecessary details; it is attributable almost never to the fact that the questions involved could not be set out satisfactorily within the prescribed limits."

"A recent case in the Superior Court of Pennsylvania, having the same rule as the Supreme Court, furnishes an excellent example of a statement of the question involved which could have been materially condensed and made more clear by omitting details of dates, etc. As prepared by counsel, it read: 'The question is, whether the plaintiff, who signed an application for a policy of insurance upon his dwelling house, in the Mutual Life Insurance Company of Annville, Lebanon County, Pa., about five o'clock p. m. Saturday, June 10, 1905, and paying simply the application fee of $2.50, and there being no mail from that community by which the said application could be sent to the company for its acceptance or rejection until about eight o'clock A. M., of June 12, 1905, and before the application could be sent the premises for which the application had been made was destroyed by fire, of which the agent was authorized simply to receive application for insurance, was duly notified, can recover for the loss? Was there any negligence on the part of the company, or its agent, because the agent did not forward

the application, after he had knowledge of the destruction of the premises by fire, before it was possible to have forwarded the application *pro forma,* as would bind the company and make it liable?'

"Some such statement as the following, omitting all particulars which do not aid in outlining the legal question involved, would permit a readier grasp of the problem: 'Request for insurance against fire was signed by applicant and insurance company's agent, who accepted application fee. Agent had authority only to receive and not to pass upon application. Before the request could be mailed to company for approval or rejection, the premises were burned down. On receiving notice of the fire, agent tendered return of the fee and did not forward the application to company. Approval of application was later refused. Was there a contract of insurance on which company is liable?' "

"The rule requiring a statement of questions involved does not relieve appellant from filing formal assignments of error; though assignments which are not in effect comprehended by the statement will ordinarily be dismissed. Alleged errors not specified in the assignments or not otherwise properly before the court have no place in the statement of the questions involved, and will not be determined even though found there. The questions stated should not be in form 'merely a repetition of the specifications of error'; if that only were desired, there would be no necessity for this extra part of the brief. Several assignments of error may involve only one question of law, because there may have been many alleged errors committed, in different ways and at different times, as a result of a supposed misapprehension of one legal principle; all such assignments must be embraced by one question. Where the main questions have been stated and other subordinate ones are assigned for error, these lesser questions, if they directly relate to the main ones, may be stated in an abstract way which ordinarily would be insufficient if they stood alone and unconnected with other questions involved. Thus, following the statement of the main questions, 'Correctness of instructions as to the effect of non-production of certain testimony, and concerning the condition and conduct of plaintiff after accident; rulings on admission and rejection of tes-

timony,' will indicate sufficiently the nature of the other points raised. If, however, these minor questions are 'necessarily involved in or suggested by the principal questions stated,' then their recital as separate questions is 'not required or desired.'

"When the statement contains practically self-evident propositions to which a negative answer would be immediately given, unless those propositions really control the case, appellant has done nothing to advance his cause or to assist the court. If self-evident propositions are involved, they must have some application to the facts of the particular case, and, if the dispute concerns their application, then the statement should show the question of applicability."

"Framing a statement of the questions involved requires the cultivation of the art of eliminating immaterial details; but, after a lawyer has gone over the case with his client and witnesses, prepared his pleadings, and tried it in the court below, he should be able to state in a very few words the points which will control the decision on appeal, and this is all that the rule requires. If in writing a brief, one focuses his attention on the controlling points, it should be easy to state them within narrow bounds; should there be failure in this respect, however, and the error be discovered only after the briefs are prepared, it may be remedied by inserting a corrected page in the printed books. If the briefs have been filed already, counsel may ask leave to amend accordingly.

"While the rule requires that the statement be in the 'most general terms,' this means that the particular question should be stated in terms of generality, not that the statement may be vague, indefinite or uncertain. For example, to say that a question involved is the 'charge of the court', does not suggest what legal proposition is in dispute, nor does 'the correctness of answers to certain of defendant's points', or 'portions of charge especially assigned as error'. The statement of the questions involved must show the precise point of substantive law at issue and its applicability to the facts in hand. Statements such as, 'sufficiency of the affidavit of defense,' 'Did the affidavit of defense raise questions of fact which should have been submitted to a jury?' and 'Did the court below err in the entry of judgment?' are

too indefinite to comply with the rule. Again, merely raising a question of power does not ask the court to determine whether there has been an exercise of it. Thus, 'Can a husband transfer his personal estate in payment of his debts, regardless of coverture?' does not put the question of whether or not he did so in the particular case.''

''The following examples of badly stated questions involved, taken from briefs in recent case, are illustrative of inadequate attempts to comply with the rule:

'Should the court below have entered a nonsuit?' This fails even to suggest what questions are involved.

'Whether the gift to Danforth Phipps Wight lapsed by reason of his death before death of testatrix, and whether Barrington Wight was not entitled to three-eights of the residue instead of one-fourth.'
This statement suggests that the construction of a will is involved, but little else.

''The following properly stated questions involved, from briefs in recent cases, are good examples of compliance with the rule:

'Where a court of equity has entered a decree ordering a husband to pay a certain sum of money under the terms of a separation agreement and he fails to make payment, has the court power to attach the person of the husband,'

'The liability of a subscriber to telephone service to pay at the rate prescribed in the company's schedule or tariffs filed with the Public Service Commission for service actually received, when the contract between the company and the subscriber provides that it is to be effective only in the event of a certain number of telephones being installed in a community and the required number never were installed.'

'Is the process of making roasted coffee from green coffee a manufacturing process which exempts the proceeds of the sale of roasted coffee, delivered from the place where the process is carried on, from a mercantile license tax, under the terms of section II of the Act of April 22, 1846 (P. L. 489)?'

'Does the conversion of private dwellings into apartment houses by additions thereto violate a restriction that there shall not be erected on the ground a building or buildings designed for any purpose other than a pri-

vate dwelling house and that no such building erected thereon shall be occupied or used for any purpose other than a private dwelling?'

'Is the cleaning and sprinkling of streets and collection of refuse by a municipality a governmental function exempting it from liability for the negligence of its employees in the performance of such work?'

"In the beginning of this article, it is stated that one of the things chiefly responsible for the success of the system of restricted, or half-hour, arguments, which has enabled the Supreme Court of Pennsylvania to bring and keep its business up to date, is the rule here discussed, requiring a concise statement of the controlling questions to appear on the first page of the appellant's brief in every case. The above examples of properly stated questions involved, show at once the value of this requirement, both to the court and to the barrister. When the rule is efficiently followed, as it is in the great majority of cases, the court can, at a glance, perceive, at least in a general way, the points for determination, and, with this accomplished, the judicial mind can better concentrate on the argument; while the advantages to the barrister are equally as great, for the obligation to formulate a statement of questions involved compels concentration on the main or controlling points in the case both in the preparation and delivery of the argument, so that in most instances lawyers brought up under the rule are able to present even complicated cases within the limited time allowed for oral argument, depending, of course, on the printed history of the case and the argument in their briefs for the detailing of noncontrolling facts, discussion of minor matters, elaboration of legal points, and application of cited authorities. Thus the oral argument performs its true function of briefly introducing the case to the court and affording the judges who are to decide it an opportunity to make inquiry of counsel, and the latter to enlighten the court, on points which may suggest themselves in course of the presentation."

Although the defects in plaintiff in error's brief were pointed out in the brief of defendant in error several months ago, no application was made by plaintiff in error

for leave to amend its brief, so as to comply with the rule. While we deem it proper that the cause should be dismissed, we might observe, that no reversible error on the part of the trial court appears to have been committed. Certainly none has been properly made to appear by plaintiff in error's brief.

Burdened as this court is with a heavy volume of business, the members of the bar of this State can greatly facilitate the work of the court if they will carefully observe the requirements of the rule above discussed, and which was only adopted by this court after long and careful consideration. The very practical and helpful requirements of the rule should not be allowed to be frittered away. They should be and must be enforced.

Writ of error dismissed.

BUFORD, C.J., AND WHITFIELD, ELLIS AND DAVIS, J.J., concur.

TERRELL, J., dissents.