ELBERT CROFT, *Plaintiff in Error*, vs. THE STATE OF FLORIDA, *Defendant in Error*.

144 So. 663.

Opinion filed November 22, 1932.

*George W. Dayton,* for Plaintiff in Error;

*Cary D. Landis, Attorney General,* and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—Plaintiff in error's brief is a very good brief and shows a commendable investigation of the authorities, but it fails to comply with Supreme Court Practice Rule 20 as amended November 5, 1930.

It does not begin with a concise statement of the prime or controlling questions involved, stated in the form of a question for decision, each question being so phrased that the point of law intended for solution may plainly appear. For instance, the first question is stated as follows: "Was it error on the part of the court below to deny plaintiff in error's motion to quash the indictment? The court below overruled plaintiff in error's motion to quash indictment." Question 7 reads: "Did the court below err by incorrectly charging the jury on the law applicable to circumstantial evidence? Plaintiff in error insists that the court below incorrectly charged the jury on the law applicable. This error is embraced in an assignment of error 8, 9, 10, 10a, 17 and 19 (transcript 201, 202, 203)." Question 9: "Did the court below err in admitting and/or rejecting certain evidence material and relevant over the objection of the plaintiff in error? The court below did admit and/or reject certain material and relevant evidence over the objection of plaintiff in error. Etc."

These are a few samples of the twelve purported statements of questions involved. Aside from the use of the very indefinite and frequently misleading term, "and/or," in one of the above purported statements of questions involved, the brief in other respects utterly fails to comply

with amended rule 20, as explained with some care in St. Andrews Bay Lumber Company v. Bernard, 135 So. 831. None of these statements suggests what legal proposition is in dispute, and none of them show the precise point of law at issue as applied to the facts of the particular case.

The rule does not require references to pages of the transcript or to the numbers of assignments of error in stating the questions involved. These are taken care of by those provisions of the rule dealing with the "History of the case," and the "Argument." It will be observed by reading that portion of the rule pertaining to the argument section of the brief that it permits a grouping of assignments of error which go to raise a particular question. This grouping of assignments under the question to which they relate, will prove quite a convenience to the bar, as well as to the court, as it will prevent an unnecessary repetition of argument under each particular assignment of error, where a number of such assignments only raise one general question.

It will be a great relief and assistance to an overburdened court if the bar will comply with amended Rule 20, and will so frame the statement of questions involved that by reading it the court may readily see the nature of the legal issue or issues, and in a general way, the prime and controlling questions, which it will be called upon to decide.

Nor does the plaintiff in error's brief in this case set forth a concise statement of the pleadings and evidence in the case, which it is necessary for the court to know in order to determine the points in controversy. The second division of the brief, although entitled "History of the case," is little more than an index of the transcript, showing the dates that the various papers and motions were filed and the action of the court thereon. It does not contain a condensed statement of the essential facts of the case as required by subdivision "d" of Rule 20.

The third division of the brief, the argument portion, appears to comply very well with the requirements of the Rule.

However, in view of the failure of the plaintiff in error's brief to comply with those provisions of Rule 20 pertaining to the "statement of questions involved" and the "history of the case," the writ of error will be dismissed unless plaintiff in error files an amended brief complying with Rule 20 as amended within 15 days from this date.

It is so ordered.

BUFORD, C.J. AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.

TERRELL, J., dissents.