TAMPA ELECTRIC COMPANY v. ALMIRA GIBSON, *et vir.*

161 So. 727.
Division A.
Opinion Filed April 20, 1935.

*Knight, Thompson & Turner,* for Plaintiff in Error; *Zewadski & Pierce,* for Defendant in Error.

PER CURIAM.—Plaintiff in error's brief in this case does not comply with rule 20, as amended November 5, 1930, in respect to the statement of questions involved. The particular defect in the statement of the questions involved is the one pointed out by Mr. Justice ELLIS in the case of Callaway v. State, 112 Fla. 599, 152 So. 429.

Nor does the brief comply with that clause of the rule which reads: "Opinions of this court must be cited from the official reports when possible, as well as from the Southern Reporter." "The members of the bar all give the Southern Reporter citations, which is entirely proper and required

by the rule, but the volume and page of our Florida Reports should also be given whenever possible, as required by the Rule, for the convenience of a busy court."

In other respects the brief is ably prepared and complies with the requirements of the rule, the purpose of which was explained by this court in the case of St. Andrews Bay Lumber Co. v. Barnard, 102 Fla. 389, 135 So. 831. A strict compliance with this rule on the part of the members of the bar will be of great assistance to this Court in its efforts to deal as accurately and expeditiously as possible with a large volume of business.

Failure of plaintiff in error to file a brief prepared in accordance with the rule, is, by the terms of the rule, a sufficient ground for the dismissal of the cause or the imposition of costs on the parties thus in default, upon motion of defendant in error or by the court of its own motion, or for the affirmance of the judgment, unless, upon motion for good cause shown the court sees fit to permit additional time for the amendment of the brief or the filing of a new brief in compliance with the rule.

In this case the defendant in error made no motion to dismiss the cause for failure of plaintiff in error's brief to comply with the rule, and the case was set down for oral argument and this defect in plaintiff in error's brief was not brought to our attention until after the oral argument was had. We will, therefore, not visit upon the plaintiff in error a dismissal of the writ of error, or of the cause, especially in view of the fact that we have reached the conclusion that the case must be affirmed, with the requirement of a remittitur.

As we view this case, it was a question for the jury to determine as to whether the defendant's motorman was guilty of any negligence in his handling of the street car.

But the plaintiff by no means made out a strong case. It is one of those border line cases where, if the jury had found in the favor of defendant, its verdict would undoubtedly have been upheld, and yet where, finding as they did a verdict in favor of the plaintiff, we are not able to say that the action of the trial court in declining to set aside the verdict on the ground of the insufficiency of the evidence to sustain it, was clearly erroneous. There was some evidence that the defendant street car ran against the plaintiff at a street intersection, at which point the plaintiff intended to board the car. This has some bearing on the respective rights of the street car company and the general public. See Farnsworth v. Tampa Electric Company, 62 Fla. 166, 57 So. 233, wherein it was held that: "While the right of a street railway to that part of the street on which its tracks are laid is not an exclusive one, yet its rights are superior to those of the general public, except at street crossings, where the rights of both are equal." See also Jacksonville Electric Company v. Hellenthal, 56 Fla. 443, 47 So. 812; Consumers Electric Light & Street Railway Company v. Pryor, 44 Fla. 354, 32 So. 797. Their rights being equal, it follows that all alike must exercise reasonable care and caution, not only for their own safety, but for the safety of others at such street intersections.

While the motorman may have been guilty of some negligence, the evidence indicates that the plaintiff was herself guilty of much greater degree of negligence, contributing to her injury. The jury did not give due consideration, in arriving at the amount of their verdict, to the contributory negligence of the plaintiff.

Our conclusion is that the injuries received were not very serious and that the verdict for $500.00 was excessive in view of the high degree of contributory negligence, and

that a remittitur of $200.00 should be required. If the defendant in error will upon the going down of the mandate, or within fifteen days thereafter, enter a remittitur of $200.00 from the $500.00 verdict and judgment, as of the date of said judgment, the said judgment shall stand affirmed. Otherwise, the judgment shall stand reversed for a new trial. It is ordered that the plaintiff in error be taxed with the costs of this appeal for failure to comply with Rule 20.

Affirmed with remittitur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.