E. L. REESE, *et al.*, v. ASHER LEVIN.

168 So. 851.
Opinion Filed February 20, 1936.
On Rehearing June 13, 1936.

*E. C. Maxwell* and *R. P. Reese* for Appellants;
*Watson & Pasco & Brown,* for Appellee.

Per Curiam.—E. L. Reese and Beatrice White Reese, husband and wife, and J. Frederick E. Wood and Julia C. White, as Executors of the last will and testament of George H. White, deceased, parties of the first part, and Asher Levin, party of the second part, on July 10, 1925, entered into an agreement for the sale of real estate in the City of Pensacola, the pertinent parts of which agreement are:

"The parties of the first part agree to sell to the party of the second part, and the party of the second part agrees to purchase from the parties of the first part the following described real·estate, lying and being in the City of Pensacola, County of Escambia, State of Florida, to-wit: The North Ninety-seven (97) feet of the East One Hundred and Twenty-two (122) feet of Arpent Lot Forty-one (41) Old City of Pensacola, Florida; for the price of Twenty-five thousand ($25,000.00) Dollars, payable $2500.00 in cash to R. P. Reese, Attorney and Agent for the parties of

the first part, the receipt of which is hereby acknowledged by the parties of the first part, $22,500.00 in cash upon delivery of a good warranty deed conveying a good title to the above described property to the party of the second part or his assigns.

"The parties of the first part agree at their expense to furnish an abstract of title, and the purchase of the property by the party of the second part is conditioned upon the title being made good within a reasonable length of time.

"It is mutually agreed that the 1925 taxes shall be prorated as of date of actual transfer of the property on basis of rate and assessment for 1924.

"Failure by the party of the second part to complete the purchase within ninety days from the date of this agreement for any reason except defective title, shall cause him to forfeit the $2500.00 deposited and paid herewith. If the title is not good and not made good within a reasonable length of time, the $2500.00 is to be returned to the party of the second part upon surrender of abstract of title. * * *

"The interest of the parties of the first part being that of tenants in common each of an undivided half interest; the deed from Eugene L. Reese and Beatrice White Reese for their undivided half interest shall be a warranty deed; the deed from the executors, above named, for the undivided half interest which belonged to George H. White, shall be the usual executor's deed."

The contract not having been completed on May 13, 1925, Asher Levin brought his bill of complaint against E. L. Reese and Beatrice White Reese, his wife, J. Frederick E. Wood and Julia C. White, as executors of the last will and testament of George H. White, deceased, and R. P. Reese, praying that until the cause is determined,

R. P. Reese be enjoined from paying the $2500.00 over to defendants; and that defendants be enjoined from forfeiting the $2500.00; praying also for a declaratory decree determining (a) whether a reasonable time for making good the title to the land had elapsed; (b) whether entry of a decree in the suit to quiet title to the land in favor of the complainants would operate so as to make good the title to the land, so as to require this complainant upon the tender of a deed under the contract to accept the same and pay the remaining sum of $22,500.00; (c) whether complainant is not now entitled to have the $2500.00 payment made under the contract returned to him, and to stand discharged from said contract. There was also a prayer for general relief.

The bill of complaint alleged in substance that at the time the contract was signed, complainant paid $2,500.00 to R. P. Reese, who holds it as trustee, to be paid to the sellers or to complainant, whichever became entitled to it; that in December, 1925, and not before, defendants submitted an abstract of title to complainant's attorney, who, after making an examination thereof, found that it did not show good title in defendants, a copy of the opinion being delivered, on December 16, 1925, to R. P. Reese, attorney for defendants; that on January 28, 1926, R. F. Reese, as attorney for defendants, brought suit in the Circuit Court of Escambia County against divers defendants to quiet title to said property, the proceeding being brought, as complainant is informed and believes, under Florida statutes other than Chapter 11383, Acts of 1925, which suit is yet pending and undetermined; that a controversy has arisen between the parties to said contract, defendants contending that the contract, properly construed, binds the buyer to await the result of the suit to quiet title and take

conveyance of said property and make the remaining payment of $22,500.00 if and when a decree in the suit to quiet title is entered in favor of complainants; that complainant contends he is not bound to await the outcome of said suit or any litigation for the purpose of making good said title because the decree will not become absolute for one year after entry thereof; that complainant has expressed to R. P. Reese, attorney for defendants, that a reasonable time for making good the title has elapsed, whereas R. P. Reese has expressed the opinion that the defendant would forfeit and retain the $2,500.00 if, upon entry of a decree in favor of complainants in the suit to quiet title, this complainant should fail to pay the balance of the $22,500.00; that complainant is not in default and has not breached the contract; that he is unable to determine whether, under the contract, a reasonable time has elapsed for the sellers to make good their title, and whether a decree in favor of complainants in the suit to quiet title will have the effect of making good title in them within the meaning of said contract; that upon entry of a decree in favor of complainants in the suit to quiet title the defendants will require R. F. Reese to pay to them the said $2500.00 although the suit as to unknown defendants will not become absolute until the expiration of one year; that upon information and belief, complainant avers that R. P. Reese will pay over to the defendants said sum, and complainant will act at his peril in treating such decree interlocutory as against unknown defendants, and will run the risk of forfeiting the said $2500.00.

Defendants filed a demurrer and also, without the court's permission a supplemental demurrer to the bill of complaint. Both of them were overruled by the court; and

that ruling was affirmed by this Court in Reese v. Levin, 98 Fla. 397, 123 Sou. Rep. 809.

The case papers in the cause were lost and, by order of court entered on June 10, 1932, were re-established.

On July 29, 1932, complainant amended his bill of complaint by setting forth supplemental matter the substance of which is that at the time of making the contract, examination of the abstract and delivery of a copy of the opinion thereon R. P. Reese on December 16, 1925, E. L. Reese claimed to own a one-half interest in said real estate and George H. White appeared from the abstract to claim ownership of the other half thereof; that it appears from said abstract that E. L. Reese, on July 12, 1913, executed to Watson, Parker & Reese Company a mortgage on his undivided half interest in said property, as security for payment of certain notes and accounts, which mortgage, together with the indebtedness, was assigned to the Citizens & Peoples National Bank of Pensacola; that E. L. Reese, on March 1, 1914, executed a mortgage on his half interest in said land to George H. White, securing an indebtedness of $2250.00; that E. L. Reese, on May 1, 1913, at a time when he claimed the whole of said land, executed a mortgage to Pensacola Investment Company thereon, securing an indebtedness of $500.00, which was assigned to E. L. Reese himself, and assigned by Reese to Weiland and assigned by Weiland to George H. White, and which appears from the abstract uncancelled; that there is outstanding against E. L. Reese as a lien upon his interest in said land, a judgment recovered by Grant Knauff on April 12, 1920, for $1493.15; that there was a *lis pendens* notice of suit the Citizens & Peoples National Bank of Pensacola had filed against E. L. Reese and wife, Beatrice White Reese, J. Frederick E. Wood and Julia C. White, as executors of

the last will and testament of George H. White, deceased, and Grant Knauff, for foreclosure of a mortgage on said land dated July 12, 1913, which suit was pending December 16, 1925; that long after Asher Levin had filed his bill of complaint, decree was entered in the above named foreclosure suit adjudging the mortgage of July 12, 1913, made by E. L. Reese to Watson, Parker & Reese Company, and the indebtedness thereby secured, duly assigned to the Citizens & Peoples National Bank and the lien thereof superior to all the right, title, interest, lien, claim, demand or charge of any kind or nature whatsoever of or in favor of those defendants, or either or any of them, decreeing the indebtedness, principal and interest, to be more than $16,000.00, and decreeing the sale of E. L. Reese's undivided half interest therein to pay the same; that thereafter, under said decree, the undivided half interest of E. L. Reese in said land was sold to the Citizens & Peoples National Bank, and the sale affirmed, so that said half interest became and was lost to E. L. Reese; that after said sale, E. L. Reese and Beatrice White Reese, his wife, delivered to complainant's attorney written admission that complainant was entitled to a decree cancelling said contract of July 10, 1925, and decreeing payment of the $2500.00 deposited by him under said contract, and consenting that such decree should be entered.

On August 8, 1932, defendant filed their motion to dismiss and their motion to strike the amendment to the bill of complaint. On September 14, 1932, defendants filed additional and renewal grounds for the motion to strike. The Court on September 9, 1932, denied all of the motions except the last, which had not at that time been filed, and allowed defendants five days in which to answer the amended bill of complaint.

The admission of E. L. Reese and Beatrice White Reese that Asher Levin was entitled to a decree cancelling the contract of July 10, 1925, and requiring R. P. Reese to pay him the sum of $2500.00, paid by him into the hands of R. P. Reese at the time of making the contract, was filed September 15, 1932.

After answering each paragraph of the amended bill of complaint, the amended answer of defendants in replying to the bill as a whole contained substantially these averments; that as a defense for the delay in making good the title to the said land that there was an extension of time agreed to by both parties in which the abstract was to be completed by the company preparing it; that after it was completed and examined by complainant's attorney, defendants wanted certain defects corrected before completing the transaction; that suit to quiet title was begun, but before its completion and before a reasonable time had elapsed, complainant rescinded the contract and demanded return of the $2500.00; that this demand before a reasonable time had elapsed was evidence of complainant's bad faith, and that he never intended carrying out the contract unless he could make a resale of the property at a profit without purchasing said property outright; that complainant made other trades in Escambia County, and as soon as land values declined, repudiated them, and that he gave worthless checks for binder payments; that defendants entered into the contract in good faith; that complainant paid 10% down so as to hold the land while awaiting an opportunity of selling it for a profit, and that while defendants were attempting to complete said contract with complainant, they were offered $10,000.00 more for the land than they were to get from complainant, and rejected the offer, counting on complainant to complete his part of the

contract; that because complainant has refused to complete said contract, defendants have been damaged in the amount of $10,000.00; that defendants ask, by way of counter-claim, for $10,000.00 damages, less the amount they owe complainant.

The court, on January 23, 1932, upon motion of the complainant, struck parts of paragraphs 2, 3, 6, 12 and 14 and struck all of paragraphs 9, 10, 11, 13, 15, 16 and 17, and struck the matter set up by way of counterclaim.

On April 23, 1933, notice was given defendants that the testimony of Asher Levin would be taken *de bene esse*. Service of notice was declined by defendants.

On April 25, 1932, the Court granted authority to take the testimony of Asher Levin *de bene esse* under the pro-visions of Section 47 of Chapter 14658 (1931 Chancery Act) and overruled defendants' objections to granting this authority. The Chancellor allowed defendants the right to reserve their cross examination until the return of the direct testimony and permitted them at that time to cross-examine him either by oral or written cross interrogatories.

Defendants proposed a list of cross interrogatories to be submitted to Asher Levin and answered by him; but the court, by its order of September 18, 1933, suppressed them.

After the introduction of the evidence and the argument of counsel, the court entered final decree in the cause in favor of complainant; and ordered that the contract of July 10, 1925, be rescinded and cancelled for default of the sellers, and that complainant be discharged from lia-bility thereunder; that R. P. Reese forthwith be required to pay to complainant the sum of $2500.00 turned over to him by complainant and received by him as agent of the defendants, and for failure of R. P. Reese to pay this amount within 5 days, decreed that judgment be entered

against him for said amount and that execution issue thereon; the court further decreed that in order to secure payment of the sum of $2500.00, complainant should have a lien against all the interest that George H. White at the time of his death had, and which J. Frederick E. Wood and Julia C. White, as executors of his last ‘will and testament had, on July 10, 1925, in the following real estate: "The North ninety-seven feet of the East One Hundred twenty-two feet of Arpent Lot Forty-one in the Old City of Pensacola," it being found and adjudged that all the interest of E. L. Reese and Beatrice White Reese in said land was divested by the foreclosure proceedings brought by the Citizens & Peoples National Bank of Pensacola; that upon failure of some one of the parties held liable to pay to complainant or his solicitor, within ten days, the sum of $2500.00 and costs, that the said interest in said real estate upon which the lien was so decreed to exist should be sold to satisfy said lien.

On August 27, 1934, defendants filed their petition for rehearing, which was later denied by the Court.

From the final decree, defendants below took an appeal, which is the appeal now before this Court.

The facts in this case are relatively simple. So the merits of the case can be disposed of without going into many of the numerous questions presented by appellants.

The contract of July 10, 1925, contemplated that the vendor or defendants would convey to the vendee or complainant a certain described piece of real estate in the City of Pensacola. The interest of vendors E. L. Reese and wife, Beatrice White Reese, was to be conveyed by warranty deed. The interest of J. Frederick E. Wood and Julia C. White, as the executors of the last will and testament of George H. White, deceased, was to be conveyed by the

usual executor's deed. It was understood by both parties at the time of entering into the contract that E. L. Reese and wife, Beatrice White Reese, on July 12, 1913, mortgaged their undivided half interest in the land to Watson, Parker & Reese Company. This mortgage was assigned by the latter on March 10, 1924, to the Citizens & Peoples National Bank of Pensacola, Florida, which on January 17, 1925, began proceedings to foreclose said mortgage. The foreclosure proceeding terminated in a final decree entered on July 19, 1931, in which the rights of E. L. Reese and wife, Beatrice White Reese in and to the land were foreclosed, and an undivided half interest in the land placed in the Citizens & Peoples National Bank. The only part of the land that Levin could then have compelled the vendors to convey to him was that undivided half interest owned by the estate of George H. White. Because it became impossible for Levin to compel, or for defendants to convey, the entire piece of land as contracted for, the vendors could not convey according to the term of the contract, and the vendee thereupon acquired a right to rescind the contract. Melton v. Smith, 65 Mo. 315.

The contract provided that failure of the vendee within 90 days to complete the purchase for any reason except defective title would cause him to forfeit the $2500.00. The record shows that Levin granted additional time until December 1, 1925, for finishing the required abstract on condition that his attorney be allowed 30 days in which to examine it, which condition was accepted. The abstract was delivered to Levin' attorney on November 28, 1925, was examined by him and a report made thereon within the time agreed upon. After seeing the opinion of his attorney oi the abstract, Levin requested that title to the land be cleared

before he would take the property. Suit to quiet title was accordingly filed January 28, 1926.

The contract also provided that if title to the property was not made good within a reasonable time, the $2500.00 down payment would be returned to the vendee. The loss by the Reeses, through foreclosure, of their interest in the land made it impossible for the vendors to perform the contract, and gave the vendee the right to rescind the contract and demand repayment of his money. See 2 Black on Rescission & Cancellation (2nd Ed.) 1076, Sec. 418. This Levin did by repudiating the contract on April 15, 1926, and demanding the return of the sum he had advanced.

Long delay in offering a marketable title agreed to be purchased warrants the purchaser in rescinding the contract. Goetzmann v. Caldwell, 152 N. Y. S. 491.

Generally the time fixed for performance of a contract for the sale of real estate is of the essence of the contract. Therefore, if the vendor is not able to furnish good title to the property on the day agreed upon, the vendee may ordinarily rescind the contract. Where the purchaser is entitled to an immediate performance, and waives the right for the time being in order to allow the vendor time to clear up the title, it is an act of grace on his part, and the purchaser is not bound to wait any more than a reasonable length of time, taking the word "reasonable" in a rather strict sense. See Garrett v. Cohen, 63 Misc. Rep. 450, 117 N. Y. S. 129; Colpe v. Lindblom, 57 Wash. 106, 106 Pac. Rep. 634; Gray v. Central Minnesota Immigration Co., 127 Iowa 560, 103 N. W. Rep. 792; Harding v. Olson, 177 Ill. 298, 52 N. E. 482; Bolin v. Guieral (Tex. Civ. App.), 37 S. W. Rep. 618; Mead v. King (Tex. Civ. App.), 285 S. W.

Rep. 832; 2 Black on Rescission & Cancellation (2nd Ed.), 1110-1111, Sec. 431.

Though at the time Levin rescinded the contract, the reasonableness of the time elapsed for perfection of title to the property might have been doubtful, yet when the final decree was entered in favor of the Citizens & Peoples National Bank foreclosing the interest of the Reeses in and to the one-half undivided interest in the property, the right to rescind the contract became thereupon absolute in Levin, because it then became impossible for the vendor to convey to Levin the interest in the land contracted for.

Any errors of procedure that may have been committed by the Chancellor during the trial of the cause appear to be without harm to appellants, since the right of rescission in appellee was clearly shown to have been perfected. There should be no reversal of a chancery decree on purely technical procedural grounds (See Section 4499, C. G. L., 2812 R. G. S.) when a reversal followed by a correction of the procedure would inevitably lead again to the same result.

The contention of appellants that the Court should not have decreed a lien to exist upon the George H. White estate's undivided one-half interest in the land to secure the repayment of the $2500.00, deposited with R. P. Reese for the benefit of the sellers in case title to the land was made good as provided in the contract, is without merit. This is so, because the contract states that R. P. Reese, as agent and attorney, received the $2,500.00 for the sellers, and the sellers acknowledged receipt thereof, thereby demonstrating that R. P. Reese was merely holding it for the sellers as their agent.

All acts within the scope of an agent's employment or impliedly possessed by him by virtue of his representative character, are binding upon the principal. 21 R. G. L., 844,

Sec. 25. Upon rescission of the contract by Levin, he had a right to have his $2500.00 returned to him. If without his fault he could not collect the money in specie, he was nevertheless entitled to enforce a vendee's lien for it which the transaction impressed upon the land when he paid $2500.00 as part of the purchase price thereof, conditioned upon title bing made good, in default of which the $2500.00 was agreed to be given back to the vendee.

Because of the almost total disregard by the appellants of the requirements of Amended Rule 20 of this Court with respect to the form and substance of briefs required to be filed in support of appeals for appellate relief, we feel constrained to refer to our previous admonitions on this subject as set forth in the cases of St. Andrews Bay Lbr. Co. v. Bernard, 102 Fla. 289, 135 Sou. Rep. 831; National Benefit Life Ins. Co. v. Brown, 103 Fla. 758, 139 Sou. Rep. 193; Croft v. State, 107 Fla. 724, 144 Sou. Rep. 663; Callaway v. State, 112 Fla. 599, 152 Sou. Rep. 429; Dupuis v. Heider, 113 Fla. 679 152 Sou. Rep. 659, wherein the requirements of the rule, and the penalties for its violation, have been outlined, in the hope that such reference will avoid such violations in future cases.

No substantial errors of law or procedure of harmful nature appealing in the trial of the cause, the final decree of the Chancellor should be affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

## On Rehearing.

Per Curiam.—This case is before us on rehearing limited to the consideration of the question as to whether or not the pleadings are sufficient to constitute basis for decree against the land as follows:

"That in order to secure the payment of the sum of $2500.00 complainant should have a lien against all the interests that George H. White at the time of his death had and which J. Frederick E. Wood and Julian E. White as Executors of his last will and testament had on July 10, 1925, in the following real estate: 'North 97 ft. of the East 122 ft. of Arpent Lot 41 in the old City of Pensacola' * * * that the said interest in said real estate upon which the lien was so decreed to exist should be sold to satisfy said lien."

An examination of the transcript of the record has been made unduly burdensome by the failure of appellants to index the record so that pertinent documents and matters reflected therein could be readily located by the members of the Court. After a careful perusal of the record, however, we find that there is neither substantial basis in the pleadings nor proof to support that part of the decree above referred to.

In the contract for the sale and purchase of real estate the provision that a part of the purchase price shall be "payable $2500.00 in cash to R. P. Reese, Attorney and Agent for the parties of the first part," is *descriptive personae* of such attorney and agent and appears to have been so treated by all parties.

The succeeding words, "the receipt of which is hereby acknowledged by the parties of the first part" are in effect a receipt for money which may be rebutted by evidence; and it is not contended that the parties of the first part

ever in fact received the amount paid to R. P. Reese or any part of it, or that the parties of the first part otherwise became liable to account for it.

The record shows beyond question that all parties to the transaction considered the $2500.00 delivered by the proposed vendees to R. P. Reese to have been delivered to him as stakeholder for both parties and not as agent of the parties of the first part. Paragraph 3 of the bill of complaint alleges:

"The complainant shows and alleges that at the time of signing said contract he paid over into the hands of the said R. P. Reese the cash payment of Twenty-five Hundred Dollars required thereby to be made, which cash payment the said R. P. Reese has ever since held and yet holds as a trustee for payment over to the sellers if and when they shall become entitled thereto and to the complainant if and when he shall show himself entitled thereto."

The contract referred to provides:

"The parties of the first part agree to sell to the party of the second part, and the party of the second part agrees to purchase from the parties of the first part the following described real estate, situated, lying and being in the City of Pensacola, County of Escambia, State of Florida, to-wit: The North Ninety-seven (97) feet of the East One Hundred and Twenty-two (122) feet of Arpent Lot Forty-one (41) Old City of Pensacola, Florida: for the price of Twenty-five thousand ($25,000.00) Dollars, payable $2500.00 in cash to R. P. Reese, Attorney and Agent for the parties of the first part, the receipt of which is hereby acknowledged by the parties of the first part, $22,500.00 in cash upon delivery of a good warranty deed conveying a good title to the above described property to the party of the second part or his assigns."

And it further provides:

"Failure by the party of the second part to complete the purchase within ninety days from the date of this agreement for any reason except defective title, shall cause him to forfeit the $2500.00 deposited and paid herewith. If the title is not good and not made good within a reasonable length of time the $2500.00 is to be returned to the party of the second part upon surrender of abstract of title."

That it was the understanding long after the contract was entered into that R. P. Reese was to hold the $2500.00 to be delivered to the vendees should one condition obtain, and to be delivered to the vendors in event a certain other condition should obtain, is clearly shown by the letter of the complainant, Asher Levin, dated November 15, 1925, and addressed to R. P. Reese, Attorney at Law, Pensacola, in which appears the following paragraph:

"Since more than ninety days have elapsed from the execution of this contract, and since you are not in position to deliver an abstract of title covering this property at this time, I advise you that I hereby allow you, as Attorney for the sellers, until December the 1st, 1925, to present said abstract of title to my attorneys, Messrs. Watson & Pasco, for examination, and in the event that you are unable to do so I shall have the option of having you return to me the binder of $2,500.00."

The record shows conclusively that neither of the defendants, Wood or White, nor George H. White, ever received the $2500.00 which was deposited in the hands of R. P. Reese, either to be paid on certain terms to E. L. Reese and wife and Wood and White as Executors of the last will and testament of George H. White under certain conditions, or to be returned to Levin under certain other conditions, and the record further shows that under the

terms and conditions of the agreement between the parties neither of the above named defendants ever became entitled to receive this money from the hands of R. P. Reese.

Under such circumstances the property of the parties of the first part should not in equity be subjected to compensate for the payment of the "$2500.00 in cash to R. P. Reese, Attorney and Agent for the parties of the first part."

For the reasons stated, we recede from that part of our former judgment, which affirmed in whole the decree appealed from, and now affirm the decree appealed from *except insofar as the* same adjudicates a lien on the interest in the property hereinbefore described, and as to that portion of the decree it is reversed.

So ordered.

Reversed in part.

WHITFIELD, C. J., and ELLIS, BROWN and BUFORD, J. J., concur.

TERRELL and BROWN, J. J., dissent.