CHESTER SMITH v. STATE.

176 So. 781.
Division A.
Opinion Filed October 28, 1937.

Knight & Laird, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Tyrus A. Norwood, Assistant Attorney General, for the State.

BUFORD, J.—We review on writ of error judgment of conviction of the crime of manslaughter had under information charging murder in the second degree.

Plaintiff in error presents four questions for our consideration, as follows:

"1. Did the trial court err in his charge to the jury as to the law of self-defense?

"2. Did the trial court err in his charge to the jury as to whether the defendant is guilty of manslaughter?

"3. Did the evidence in this case justify a verdict of manslaughter?

"4. Should the defendant in this case have been given a new trial?"

The statement of questions as above quoted in nowise complies with amended Rule 20 and, therefore, we shall not discuss them in detail. See Croft v. State of Fla., 107 Fla. 724, 144 Sou. 663; Callaway v. State, 112 Fla. 599, 152 Sou. 429; Reese, et al., v. Levin, 124 Fla. 96, 168 Sou. 851; St.

Andrews Bay Lbr. Co. v. Bernard, 102 Fla. 389, 135 Sou. 831.

The charges complained of and referred to in the first and second questions were not as full and complete as they might have been, but, taken in connection with other charges given and considered with them as the whole charge of the court, they were neither misleading or confusing and, as far as they went, they presented correct enunciations of the law. It is well settled that this Court will not reverse a judgment of conviction on the ground that instructions to the jury were incomplete unless the instructions were misleading or confusing, or it be shown that the accused requested further correct instructions which were refused. See McKenna v. State, 119 Fla. 575, 161 Sou. 561, and cases there cited.

In the instant case no further or additional instructions were requested.

Questions three and four in effect challenge the sufficiency of the evidence to support the verdict and judgment.

The evidence was sufficient to support a verdict of guilty of a higher degree of homicide than that of which plaintiff in error was convicted.

Plaintiff in error relied on the doctrine of the right of self-defense to justify the homicide and if the jury had believed his story it should have acquitted him. That he was not acquitted evidences that the jury believed the other witnesses, whose testimony failed to show the basis for the application of the doctrine of self-defense, and did not believe the accused. That question was one for the jury and was resolved adversely to the accused.

No reversible error is made to appear.

The judgment is affirmed.

So ordered.

758

Ellis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Brown and Chapman, J. J., concur in the opinion and judgment.