## Alfred Gathers v. State.

176 So. 771.
Division A.
Opinion Filed October 28, 1937.

*Knight & Laird,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

Buford, J.—The defendant, convicted of manslaughter under indictment charging murder in the first degree, brings

his case here for review on writ of error. He presents three questions, as follows:

"1. Did the Trial Court err in his charge to the jury as to the evidence in reference to the actions and statements of the deceased shortly prior to her death which were in the nature of threats of the deceased to kill or injure the plaintiff in error?

"2. Was the evidence sufficient to sustain a verdict of manslaughter?

"3. Does the record as a whole warrant a conviction of manslaughter?"

The statement of questions as above quoted in nowise complies with amended Rule 20 and, therefore, we shall not discuss them in detail. See Croft v. State of Fla., 107 Fla. 724, 144 Sou. 663; Callaway v. State, 112 Fla. 599, 152 Sou. 429; Reese, *et al.,* v. Levin, 124 Fla. 96, 168 Sou. 851; St. Andrews Bay Lbr. Co. v. Bernard, 102 Fla. 389, 135 Sou. 831.

That part of the court's charge complained of was as follows:

"In a case of this kind threats of the deceased person to kill or injure the defendant cannot be used to justify a claim of self-defense unless such threats were told to the defendant before the killing.

"The Court has permitted evidence to go before you as to alleged actions and statements claimed to have been made by the deceased person shortly prior to her death.

"The purpose of such evidence is to throw such light as it may on the probable truth or falsity of other evidence as to the actions of the deceased person at the time of the alleged shooting in order to determine whether or not her actions were such as to justify the defendant in shooting her

760

in self-defense under the law of self-defense just given to you."

We hold the charge to be without error. Uncommunicated threats are admissible only for the purpose indicated in the court's instruction here complained of. See Garner v. State, 28 Fla. 113, 9 Sou. 835; Wilson v. State, 30 Fla. 234, 11 Sou. 556.

The record discloses sufficient substantial evidence to sustain the verdict and judgment. In fact, the evidence is amply sufficient to have sustained a verdict and judgment of a higher degree of homicide.

The judgment is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.