GERMANY, JOHN, Associate Judge.
Appellant, who was the plaintiff below, filed a complaint for divorce alleging desertion and extreme cruelty. Appellee, a resident of the state of Maine, filed an answer denying the allegations of the complaint and counterclaimed seeking alimony unconnected with divorce. The cause came on for hearing before the chancellor and there was introduced into evidence over the objection of the counterclaimant a support order from a probate court in the state of Maine which decreed that the plaintiff pay to the defendant the sum of $50 per week, together with the furnishing of a heated apartment. At the conclusion of the hearing the chancellor denied the divorce and in the final decree stated that the $50 sum heretofore awarded by the Maine court would be increased to $80 and that plaintiff was to continue to provide a heated and suitable apartment to the defendant. Appellant has appealed on several grounds, the first one being that the chancellor either overlooked or failed to consider testimony which would support the allegations of extreme cruelty and therefore was in error in denying the divorce.
We have reviewed the testimony and find no error of the chancellor in denying the divorce.
The second point on appeal is that the chancellor was in error in increasing the award of the Maine court in that the decree of the Maine court was not properly before the chancellor. It is our opinion that this was error. The counter-claimant made no attempt to enforce the Maine decree, but sought, by submitting herself to the jurisdiction of this court, alimony from the plaintiff unconnected with divorce. The Maine decree was erroneously admitted into evidence and erroneously applied as a basis in part in the final decree of the chancellor. But we do not find this error to be of such magnitude as to be reversible. One of the purposes of the court is to terminate litigation. Here the chancellor heard all the witnesses and entered an order increasing the Maine decree of support and alimony from $50 a week to $80 a week and continuing the Maine order as to the plaintiff furnishing the defendant with a heated apartment. The testimony supports the award of $80 a week and an apartment both in the need of the defendant and the children and the ability of the plaintiff to pay. For this Court to reverse and require the order to be rewritten would do nothing but delay litigation and, therefore, we affirm the *39 chancellor, but on the grounds that the $80 a week is an amount of alimony and support unconnected with divorce. Reese v. Levin, 124 Fla. 96, 168 So. 851; Equitable Life Assurance Society of United States v. Nichols, Fla., 84 So.2d 500. We have considered the other points on appeal and on cross appeal but in them find no error.
The decree of the lower court is affirmed.
Attorneys for appellee have filed a motion for attorneys’ fees on appeal and the sum of $250 is awarded the attorneys representing the appellee on this appeal.
KANNER, Acting Chief Judge, and SHANNON, J., concur.